Battle, J.
 

 There is nothing in the bill of exceptions which can justify us in reversing the judgment which the plaintiff obtained in the Superior Court. At the time when the slave in question was levied upon and sold under the execution in favor of one of the defendants against Kirk, the latter had no interest in him. This seems to have been conceded by the defendants; for their Only objection to the plaintiff’s right to recover is, that his form of action was misconceived. They say that, by his contract with Ragan, the possession of the slave became vested in Ragan during the time for which the plaintiff and his slave were to work for him, that consequently the plaintiff’s interest was only reversionary, for an injury to which, “case,” and not “trespass,” was the proper remedy. This objection is founded upon an entire mistake as to the effect of the contract with Ragan. The plaintiff did not thereby part with the possession of his slave ; on the contrary, he was necessarily to continue it in order to be able to fulfil his contract for working himself and his slave by the day. If the possession had been Ragan’s he might have maintained trespass or trover for the same, which cannot be seriously contended for.
 

 The instruction as to damages was undoubtedly correct. In trespass or trover the defendant cannot, for the purpose of diminishing the damages, avail himself of any thing which lessens the value of the property while he is in the wrongful possession of it.. Had the slave died the day after he was taken by the defendants, they would have been liable to the plaintiff for the full value of his interest in him.
 

 Per Curiam:. Judgment affirmed.